**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| HARVEY L. PEGUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:07-CV-93 PS |
| v. | ) | |
| | ) | |
| BRAD ROGERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Harvey L. Pegues, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Pegues alleges that on December 24, 2006, while a pretrial detainee in the Elkhart County Jail, Defendant Gregory Brown rushed him off the phone while he was receiving news that his mother had passed away. He then alleges that on December 25, 2006, Defendant David Kirk denied him the right to use the telephone when he was attempting to make arrangements to attend his mother's funeral. Finally, Mr. Pegues asserts that on December 28, 2006, Defendant Brad Rogers refused to allow him to attend his mother's funeral despite a court order signed by Judge David Bowers.

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

Here, Mr. Pegues has not alleged that the defendants deprived him of adequate food, clothing, or shelter. While it may be unfortunate and inconsiderate that Mr. Pegues was rushed off the phone or not allowed to make a telephone call given his circumstances, these actions do not deprive Mr. Pegues of the minimal civilized measure of life's necessities. However insensitive these actions may have been, they rose to the level of an inconvenience, but not a Constitutional violation. Furthermore, Mr. Pegues was not denied a constitutional right when the defendants did not allow him to attend his mother's funeral. If the defendants violated a valid court order requiring them to allow Mr. Pegues to attend his mother's funeral, that issue is more properly raised before the court which issued the order. However, neither the violation of the court order or the failure to allow Mr. Pegues to attend the funeral deprived Mr. Pegues of the minimal civilized measure of life's necessities.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: March 27, 2007.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT